CHARLES B. PERKINS SBN 126942
Email: cbperk@earthlink.net
SUSAN D. PELMULDER SBN 234731
Email: sue@frplawyers.com
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399 – 4566 voice
(408) 399 – 6683 facsimile
cbperk@earthlink.net

Attorneys for Plaintiff
ROXY HARIRI

ADRIENNE C. PUBLICOVER (SBN 161432)
Email: Adrienne.Publicover@WilsonElser.com
LAURA E. FANNON (SBN 111500)
Email: Laura.Fannon@WilsonElser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendant
RELIANCE STANDARD LIFE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXY HARIRI,<br><br>Plaintiff,<br><br>vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 5:15-cv-03054 EJD<br><br>**STIPULATION OF THE PARTIES FOR LIMITED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br><br>Action Filed: July 1, 2015 |

WHEREAS, plaintiff Roxy Hariri ("plaintiff") has requested Reliance Standard Life Insurance Company ("Reliance Standard" or "defendant") produce documents in informal discovery requests prior to mediation; and

WHEREAS, Reliance Standard contends that some of the requested documents, information and other materials are in whole or in part proprietary information, "confidential" business records and confidential trade secret information; and

WHEREAS, plaintiff and defendants (collectively referred to hereinafter as "the Parties"), desire an agreement for the privacy of matters and the confidentiality of the documents and/or materials, and the information contained in the documents and materials, be maintained to facilitate disclosure of documents and materials for purposes of settlement, it is stipulated and agreed by and between the parties, plaintiff Roxy Hariri and defendants Reliance Standard Life Insurance Company, through their respective attorneys of record, as follows:

1. <u>"Confidential Documents.</u> "Confidential" documents are documents so designated by the producing party and produced prior to December 16, 2015. A party disclosing or producing information, documents or things that it believes to be "Confidential" shall designate the same as "Confidential" by using said designation on the document or thing at the time of disclosure and production. A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under Rule 26(c)(7) of the Rules of Civil Procedure. With regard to discovery responses, any such designation shall be made at the time the responses are served and at the time that tangible things or copies of the documents are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 12 below.

2. <u>Scope of "Confidential" Designation.</u> The special treatment accorded the documents designated "Confidential" under this stipulation shall reach (subject to the challenge provisions set forth below):

(a) All documents designated "Confidential" under the terms of this Stipulation;

(b) All copies of such documents;

(c) Any deposition transcript, exhibit, or portion of either that discusses such documents; and,

(d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses such documents.

The special treatment accorded the documents designated "Confidential" under this stipulation shall not extend to any documents later obtained through means other than production pursuant to this stipulation; nor to any copies of such later obtained documents; any deposition transcript, exhibit, or portion of either that discusses such later obtained documents; or, any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses such later obtained documents.

3. Restrictions on Disclosure of "Confidential" Document. Except with written prior consent of all parties and except as provided elsewhere in this stipulation, all documents produced pursuant to this stipulation and designated "Confidential" shall be used solely for the preparation and mediation of this suit (including any appeals and retrials) and shall not be used for any other purpose, including business, governmental or commercial. Documents designated "Confidential," and all information in them, may not be disclosed to any person other than:

(a) The parties to this litigation and Court personnel;

(b) Counsel for the parties in this suit;

(c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Deposition or trial witnesses in this action;

(e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit; or

(f) Alternative Dispute Resolution professionals designated by the Parties.

4. Certification of Compliance. Except for the persons identified in subparagraphs 3(a)-(d) of this Order, no person authorized under the terms of this stipulation to receive access to "Confidential" documents shall be granted access to them until such person has read this stipulation and has agreed in writing in the form of the attached Exhibit A to be bound by it. These written agreements shall be maintained by counsel for the parties and made available upon order of the Court.

5. Use of "Confidential" Documents at Deposition. Documents or materials designated as "Confidential" and produced subject to this stipulation shall not be used or discussed at any deposition.

6. Designating Portions of the Deposition Transcripts as "Confidential." Documents or materials designated "Confidential" and produced pursuant to this stipulation shall not be used or discussed at any deposition.

7. Use of "Confidential" Documents in Papers Filed with the Court. Documents or materials designated "Confidential" and produced pursuant to this stipulation shall not be discussed in or attached to papers filed with the Court.

8. Filing of "Confidential" Documents with the Court. Documents or materials designated "Confidential" and produced pursuant to this stipulation shall not be discussed in or attached to papers filed with the Court.

9. Non-Termination and Return of Documents. The provisions of this stipulation shall continue to apply to all documents produced pursuant to this stipulation and designated "Confidential," along with the information contained within such Confidential documents, after this suit has been terminated. Documents designated "Confidential" and produced pursuant to this Stipulation shall be returned by January 15, 2016. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction. A party who seeks return or destruction of "Confidential" documents must incur the costs of such return or destruction including reimbursement of any charges for production charged to the party returning the documents.

10. No Admissions. Nothing contained in this stipulation, nor any action taken in compliance with it, shall operate as an admission by the party that a particular document or information is, or is not, "Confidential," or that it is, or is not, admissible into evidence for any purpose.

11. Interim Protection. "Confidential" documents designated as such when produced by any party pursuant to this stipulation and prior to the entry of this Order are to be protected to the same extent as if an Order had been entered by the Court before the production was made, unless the Court directs otherwise.

12. Procedures for Challenging "Confidential" Designation. The "Confidential" designation of documents produced pursuant to this stipulation will be not be challenged.

13. Right to Obtain Documents and Information through Formal Discovery. Nothing contained in this stipulation shall restrict any party from obtaining the same or similar documents or information through formal discovery without a "Confidential" designation and any such later obtained documents or information shall not be subject to this stipulation.

14. Subsequent Stipulations Not Affected. Nothing contained in this stipulation shall restrict the Parties from entering into a subsequent stipulation for protective order or obtaining documents pursuant to any subsequent protective order.

Dated: November 18, 2015

FLYNN, ROSE AND PERKINS

By: /s/*Charles B. Perkins*
CHARLES B. PERKINS
Attorneys for Plaintiff
ROXY HARIRI

Dated: November 18, 2015

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/*Laura E. Fannon*
ADRIENNE C. PUBLICOVER
LAURA E. FANNON
Attorneys for Defendant
RELIANCE STANDARD LIFE INSURANCE COMPANY

SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Charles B. Perkins, Esq., counsel for plaintiff Roxy Hariri, and that I have obtained Mr. Perkins' authorization to affix his electronic signature to this document.

/s/*Laura E. Fannon*
Laura E. Fannon

**EXHIBIT "A"**

I,________________________________, declare that:

1. I have been provided copies of, or access to, "CONFIDENTIAL" documents, materials, and/or information that are subject to a Stipulation for Protective Order Re: Confidentiality of Documents and Materials ("Protective Order"). in the above-captioned action (hereinafter "Confidential Data").

2. As a prior condition to my being permitted to receive, see, or review any Confidential Data, I have read all of the provisions of the Protective Order entered in this action regarding the Confidential Data, and I agree to be bound by its terms.

3. Before providing copies of, or access to, the Confidential Data to any individuals allowed access under the terms of the Protective Order, I will require that said individuals read a copy of the Stipulation and will require that said individuals execute a copy of this Declaration stating that they will comply with the terms of the Stipulation.

4. I understand the Court Order is legally binding on me. I hereby agree to submit to the United States District Court, Northern District of California, for the enforcement of any claimed violation of the terms of the Stipulation or of this Declaration, and agree that such jurisdiction shall survive the termination of the above entitled action.

I declare under penalty of perjury under the laws of the United States of America, and the laws of the State of California that the foregoing is true and correct.

Dated this_____ day of _______________ , 2015 at ______________________.

______________________________ ______________________________

Print Name Signature Here