ADRIENNE C. PUBLICOVER (State Bar No. 161432)
Email: Adrienne.Publicover@WilsonElser.com
LAURA E. FANNON (State Bar No. 111500)
Email: Laura.Fannon@WilsonElser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
525 Market Street – 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendant
RELIANCE STANDARD LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ROXY HARIRI,

Plaintiff,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant.

Case No.: 5:15-cv-03054-EJD

**MOVING SEPARATE STATEMENT OF DEFENDANT RELIANCE STANDARD IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT RE ERISA PREEMPTION**

Date: August 18, 2016
Time: 9:00 a.m.
Courtroom: 4
Hon. Edward J. Davila

Action Filed: July 1, 2015
Trial Date: None

<u>Documents attached</u>**:**

1. Notice, Motion, and Memorandum;
2. Fannon Declaration;
2. Proposed Order Granting Motion

**MOVING SEPARATE STATEMENT OF DEFENDANT RELIANCE STANDARD**

The sole issue on this cross motion is the viability the Twenty-Second Affirmative Defense of defendant Reliance Standard Life Insurance Company ("Reliance Standard") asserted in its Answer to Plaintiff's First Amended Complaint, filed January 19, 2016 (Court Doc. 22). Reliance Standard asserts, and hereby supports such assertion, that **plaintiff's claims as set forth in the First Amended Complaint are preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq.** As to this issue, there is no genuine issue to be tried.

Because both of plaintiff's claims for relief—Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing—are premised upon state law theories of liability that are preempted by ERISA, Reliance Standard is entitled to a ruling that **all of plaintiff's claims are preempted and without merit.**

The following facts and evidence support Reliance Standard's Twenty-Second Affirmative Defense and hence a ruling in Reliance Standard's favor on this motion:

| **Claim or Defense:** | **Moving Party's Undisputed Facts/ Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
|---|---|---|
| **22nd Affirmative defense to the FAC: ERISA Preemption** | | |
| | | |
| **1.** Plaintiff began work for the County of Santa Clara ("the County") as a Deputy District Attorney on September 17, 2001. | First Amended Complaint ("FAC"), ¶ 6, **Fannon Dec., ¶ 3 & Ex. B 002.** | |
| | | |
| **2.** Plaintiff was a member of the Santa Clara County Government Attorneys' Association (the "GAA"). | FAC, ¶ 14, **Fannon Dec., ¶ 3 & Ex. B 003.** | |
| | | |
| **3.** The County recognized the GAA as the exclusive bargaining | 2011 Memorandum of Agreement ("2011 MOU"), | |

| | | |
|---|---|---|
| representative for all classified and unclassified attorneys in coded classifications within the GAA bargaining unit. | section 1, Plaintiff's Sixth Supplemental Disclosure, Ex. 8, **Fannon Dec., ¶ 9 & Ex. H 010.** | |
| | | |
| **4.** On December 19, 2012, Plaintiff ceased working because of a claimed disability. | Family and Medical Leave Request Form, contained n documents produced on May 27, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 6 & Ex. E 002-003.** | |
| | | |
| **5.** Over a period of several years, LTD benefits for County attorneys who were members of the GAA were funded by a series of group disability insurance policies issued by various insurance carriers to the County as the policyholder pursuant to various collective bargaining agreements between the County and the GAA. | Zarzana Dec. at ¶¶ 10-12, Plaintiff's Sixth Supplemental Disclosure, **Fannon Dec., ¶ 9 & Ex. H 004.** | |
| | | |
| **6.** Participants contributed toward the premium cost of the LTD insurance via payroll deduction and, at least during some periods of time, the County contributed a portion of the premium cost. | Zarzana Dec. at ¶¶ 14-15, Plaintiff's Sixth Supplemental Disclosure, **Fannon Dec., ¶ 9 & Ex. H 004-005.** | |
| | | |
| **7.** In 2011, the County and the GAA executed a Memorandum of Agreement (also referred to as a "Memorandum of Understanding") covering the terms and conditions of employment of GAA members for the period September 5, 2011 – September 1, 2013. | 2011 MOU, Plaintiff's Sixth Supplemental Disclosure, **Fannon Dec., ¶ 9 & Ex. H 008.** | |
| | | |
| **8.** Among other things, the 2011 MOU provided as follows: | 2011 MOU, Section 14.7, **Fannon Dec., ¶ 9 & Ex. H 020-21.** | |

| | | |
|---|---|---|
| Effective September 5, 2011, the County will stop payments of up to $0.45/$100 of covered salary pursuant to the Long Term Disability (LTD) insurance side letter between the County and GAA signed October 10, 1997. Effective September 5, 2011 employees shall pay all premium costs for LTD insurance coverage (currently through The Standard Insurance Company), which shall continue to be deducted from the employees' paycheck. *Effective no later than March 4, 2012, the County will stop administering the LTD plan as the Employer Plan Sponsor. At least 60 calendar days prior to March 4, 2012, the County and GAA shall meet and confer regarding other options for administration of an LTD plan should GAA wish to continue LTD plan coverage specific for its members.*<br><br>(Emphasis added.) | | |
| | | |
| **9.** Pursuant to the 2011 MOU, on August 22, 2011, the County wrote to the existing LTD insurance carrier to provide it with "formal notice of termination" of the policy. The letter went on to state:<br><br>As an outcome of recent negotiations with our government attorney bargaining groups, the County and these groups have mutually agreed to terminate this policy as one | Peter Ng letter to The Standard Ins. Co., dated August 22, 2011, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 046.** | |

| | | |
|---|---|---|
| of several benefit concessions in order to help the County achieve the necessary budget savings to balance its budget this fiscal year. | | |
| | | |
| **10.** On the same date, the County wrote to insurance broker, John Pivirotto, to inform him of the termination, to say that negotiations with GAA were ongoing, and to say that one of the things the County hoped to accomplish was to terminate the policy in its entirety in which case "GAA may seek to obtain its own LTD coverage policy for its members; the County would not be involved." | Peter Ng email to John Pivirotto, dated August 22, 2011, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 042.** | |
| | | |
| **11.** On October 3, 2011, Kevin Smith, Treasurer of GAA, authored an email to various individuals, including County officials, stating that he was "presiding over the GAA's committee tasked with recommending any changes to our Long Term Disability Plan." He noted that GAA made "multiple requests over the past month or more to [the County] to provide us with a census of our members to be able to put out a request for bids to insurance carriers for this policy." | Kevin Smith email to Mitchell Buellesbach, et al., dated October 3, 2011, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 040.** | |
| | | |
| **12.** On October 6, 2011, Smith authored another email to the County stating that:<br><br>On behalf of GAA, Financial Concepts has hired Kathy Miller as a consultant in an effort to | Kevin Smith email to Peter Ng, dated October 6, 2011, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 039.** | |

| | | |
|---|---|---|
| determine what will be required for the administration of the GAA LTD Plan. In that capacity, Ms. Miller is authorized to contact the County to obtain census data, other information and obtain answers to any questions we [*sic*] questions we may have about the County's process for the administration of this Plan. | | |
| | | |
| **13.** On October 12, 2011, Mr. Smith authored another email, asking if there was "[a]ny progress on getting information out of [the County] for the GAA's transition from county administration of the Long Term Disability plan?" | Kevin Smith email to Mitchell Buellesbach, dated October 12, 2011, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 037.** | |
| | | |
| **14.** The response from the County was that the individual at the County who was responsible for providing the information was "budgeting his time based on the March 4, 2012 date in the MOA." | Mitchell Buellesbach email to Kevin Smith, dated October 24, 2011, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 031.** | |
| | | |
| **15.** In further correspondence dated October 26, 2011, Mr. Smith responded by asking "why does he get to budget his time when the burden to replace this plan is on us?" | Kevin Smith email to Mitchell Buellesbach, dated October 26, 2011, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 031.** | |
| | | |
| **16.** On November 8, 2011, the County responded with the requested census information. | Peter Ng email to Kevin Smith, dated November 8, 2011, contained in documents produced on June 8, 2016, by Santa Clara | |

| | | |
|---|---|---|
| | County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 028.** | |
| | | |
| **17.** On May 8, 2012, GAA informed the County that "GAA voted today to switch providers for our LTD policy," and that it would obtain a group LTD policy from Reliance Standard. | Kevin Smith email to Peter Ng, dated May 8 2012, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 022.** | |
| | | |
| **18.** The County responded by asking if GAA would rely on the County for "paycheck deductions and other assistance." | Peter Ng email to Kevin Smith, dated May 8, 2012, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 015.** | |
| | | |
| **19.** GAA replied in the affirmative. | Maximilian Zarzana email to Peter Ng, dated May 8, 2012, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 014.** | |
| | | |
| **20.** The County replied that it would like to review the new policy and requested that the broker summarize the differences between the old policy and the new. | Peter Ng emails to Maximilian Zarzana, dated May 8, 2012, and John Pivirotto, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 011, 14.** | |
| | | |
| **21.** GAA responded that<br><br>John [the broker] has put in a lot of time to get GAA (and potentially County Counsel) a great new provider and plan. GAA has met and voted to accept the | Max Zarzana email to Peter Ng dated May 8, 2012, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 011.** | |

| | | |
|---|---|---|
| new plan. County Counsel representatives were present during our committee meetings and general membership meeting today when the new plan was discussed. I am not sure what reason the County would have in asking for such information from [the broker]. | | |
| | | |
| **22.** The County responded that it "would have hoped that John and/or GAA would have offered [the County] a chance to review the new policy(ies) in advance in case there may be some issues that are of concern for us, particularly since GAA is expecting the County to provide that administration." | Peter Ng email to Maximilian Zarzana, dated May 9, 2012 contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 010.** | |
| | | |
| **23.** GAA replied as follows:<br><br>Our deal with Reliance involves short term and long term components.<br><br>. . .<br><br>As for involving the county, I have got to say that you have been pretty clear since we signed our new MOU that you do not have the resources to get involved in any discussions with us about the LTD . . . The county made it quite clear that we were on our own with the LTD during our negotiations. | Kevin Smith email to Peter Ng, dated May 9, 2012, contained in documents produced on June 8, 2016, by Santa Clara County pursuant to subpoena, **Fannon Dec., ¶ 8 & Ex. G 009.** | |
| | | |
| **24.** Effective June 25, 2012, Reliance Standard issued a group LTD policy to GAA as the | FAC, ¶ 11, **Fannon Dec., ¶ 3 & Ex. B 002;** Policy, **Fannon Dec., ¶ 2 & Ex. A** | |

| | | |
|---|---|---|
| policyholder. | **001-31.** | |
| | | |
| **25.** The Preliminary Application for Group Insurance listed GAA as the "Prospective Policyholder" and was signed by the president of GAA. | Reliance Standard's Third Supplemental Disclosures served on June 7, 2016, **Fannon Dec., ¶ 7 & Ex. F 001.** | |
| | | |
| **26.** Eligible Classes under the LTD policy were limited to "Each active, Full-time member of the Santa Clara County: (a) Government Attorneys Association . . . who is employed by the County of Santa Clara except for any person employed on a temporary or seasonal basis." | Policy, **Fannon Dec., ¶ 2 & Ex. A 007.** | |
| | | |
| **27.** The cover page of the Policy Certificate booklet, available on the County website, contained the title "Santa Clara County Government Attorneys Association." | Reliance Standard's Second Supplemental Disclosures, **Fannon Dec., ¶ 5 & Ex. D 004.** | |
| | | |
| **28.** The booklet also included a description of the benefit claim process that mirrors the requirements of ERISA's claim regulations at 29 C.F.R. §2560.503-1. | Reliance Standard's Second Supplemental Disclosures, **Fannon Dec., ¶ 5 & Ex. D 054 ff.** | |
| | | |
| **29.** The booklet also included the "ERISA Statement of Rights" required by ERISA-governed summary plan descriptions. | Reliance Standard's Second Supplemental Disclosures, **Fannon Dec., ¶ 5 & Ex. D 064 ff.** | |
| | | |
| **30.** Also on the County's website is a memorandum dated July 18, 2012, confirming the "Administrative Agreement by and between Reliance Standard Life Insurance Company . . . and the above named Policyholder" which was effective June 25, | Reliance Standard's Second Supplemental Disclosures, **Fannon Dec., ¶ 5 & Ex. D 003.** | |

| | | |
|---|---|---|
| 2012 and confirming various premium amounts. The Policyholder identified in the memorandum is "Santa Clara Government Attorneys Association Executive Committee." | | |
| | | |
| **31.** Plaintiff's date of disability was December 19, 2012. | FAC, ¶ 25, **Fannon Dec., ¶ 3 & Ex. B 004**; Letter to plaintiff approving claim, Reliance Standard Initial Disclosures, **Fannon Dec., ¶ 2 & Ex. A 032-33.** | |
| | | |
| **32.** The Policy's Recurrent Disability provision stated: If an Insured returns to Active Work for less than six (6) months, a recurrent Total Disability for the same or related cause will be part of the same Total Disability. A new Elimination Period is not required. Our liability for the entire period will be subject to the terms of this Policy for the original period of Total Disability. | Policy, Reliance Standard Initial Disclosures, **Fannon Dec., ¶ 2 & Ex. A 019.** | |
| | | |
| **33.** Plaintiff returned to work for a few weeks, from November 12, 2013, to January 21, 2014. | FAC, ¶¶ 29, 31, **Fannon Dec., ¶ 3 & Ex. B 004-05.** | |
| | | |
| **34.** Under the Recurrent Disability Provision, plaintiff's date of disability remained December 19, 2012. | Policy, Reliance Standard Initial Disclosures, **Fannon Dec., ¶ 2 & Ex. A 019.** | |
| | | |
| **35.** As of her date of disability, December 19, 2012, she was a participant in the LTD plan insured by Reliance Standard. | FAC, ¶¶ 14, 26, **Fannon Dec., ¶ 3 & Ex. B 003-04.** | |
| | | |
| **36.** Pursuant to the 2011 MOU, the County was not contributing | 2011 MOU, Section 14.7, **Fannon Dec., ¶ 9 & Ex. H** | |

| | | |
|---|---|---|
| toward premiums for the LTD coverage at that time. | **020-21.** | |
| | | |
| **37.** Reliance Standard paid plaintiff's claim until November 12, 2013, when she returned to work. | November 15, 2013 letter from Reliance Standard to Plaintiff, Reliance Standard's Initial Disclosures, **Fannon Dec., ¶ 2 & Ex. A 034-35.** | |
| | | |
| **38.** Plaintiff ceased working again as of January 21, 2014. | FAC, ¶ 31, **Fannon Dec., ¶ 3 & Ex. B 005**. | |
| | | |
| **39.** Reliance Standard denied plaintiff's further claim for disability, as well as her appeal. | FAC, ¶¶ 34, 51, **Fannon Dec., ¶ 3 & Ex. B 005**, **B 007.** | |
| | | |
| **40.** Reliance Standard's April 8, 2014 letter denying her claim contained language referencing ERISA and Plaintiff's right to appeal the decision pursuant to the ERISA claim process. | April 8, 2014 letter from Reliance Standard to Plaintiff, Reliance Standard's Initial Disclosures, **Fannon Dec., ¶ 2 & Ex. A 036, at A 043.** | |
| | | |
| **41.** Plaintiff did file an appeal. | FAC, ¶ 38, **Fannon Dec., ¶ 3 & Ex. B 005**. | |
| | | |
| **42.** Reliance Standard's May 19, 2015 letter denying plaintiff's appeal also contained language referencing ERISA and plaintiff's right to file a civil action under ERISA's civil enforcement provisions. | May 19, 2015 letter from Reliance Standard to Plaintiff, Reliance Standard's Initial Disclosures, **Fannon Dec., ¶ 2 & Ex. A 045, at A 059.** | |
| | | |
| **Plaintiff's Claim for Breach of Contract** | | |
| | | |
| The foregoing facts, 1-42, support ERISA preemption of this claim. | | |
| | | |
| **Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing** | | |
| | | |

| | | |
|---|---|---|
| The foregoing facts, 1-42, support ERISA preemption of this claim. | | |
| | | |
| **Plaintiff's Claim for Punitive Damages** | | |
| | | |
| The foregoing facts, 1-42, support ERISA preemption of this claim. | | |
| | | |

Respectfully submitted,

Dated: July 14, 2016 WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/Adrienne C. Publicover*
ADRIENNE C. PUBLICOVER
LAURA E. FANNON
Attorneys for Defendant
RELIANCE STANDARD LIFE INSURANCE COMPANY