ADRIENNE C. PUBLICOVER (State Bar No. 161432)
Email: Adrienne.Publicover@WilsonElser.com
LAURA E. FANNON (State Bar No. 111500)
Email: Laura.Fannon@WilsonElser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
525 Market Street – 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendant
RELIANCE STANDARD LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROXY HARIRI,<br><br>Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 5:15-cv-03054-EJD<br><br>**DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE NEW FACTS AND EVIDENCE SUBMITTED BY PLAINTIFF ON REPLY**<br><br>Date: August 18, 2016<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Hon. Edward J. Davila<br><br>Action Filed: July 1, 2015<br>Trial Date: None |

Defendant Reliance Standard Life Insurance Company hereby objects[1] to and moves to strike the following:

1. **Plaintiff's Reply Separate Statement, Facts 70 through 90,** Court Doc. 37, submitted by plaintiff for the first time in support of her Reply in Support of Plaintiff's Cross-Motion for Summary Judgment.

[1] These objections are submitted as a separate pleading because Reliance Standard is not entitled to submit a further brief in which these objections otherwise would appear, as required by Paragraph IV(D) of this Court's Standing Order for Civil Cases.

2. **Supplemental Declaration of Max Zarzana,** Court Doc. 38, in its entirety.

3. **Supplemental Declaration of Roxy Hariri,** Court Doc. 39, in its entirety.

4. **Supplemental Declaration of Charles B. Perkins** and **Exhibit 23** thereto, Court Doc. 40, in its entirety.

Reliance Standard requests that this court strike and disregard the foregoing submissions by plaintiff on the ground that neither the local rules nor this court's standing order permits new evidence to be submitted on reply. *See Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011) (failure to submit objection to evidence submitted on reply waived right to object to the court's consideration of the new evidence). Most, if not all, of the new facts and evidence could have been—but were not—submitted in response to Reliance Standard's moving papers.

In the alternative, if this Court intends to consider plaintiff's new facts and evidence, Reliance Standard requests that this court provide it with a meaningful opportunity to respond to plaintiff's submissions, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond" (internal alteration omitted) (internal quotation marks omitted)). Reliance Standard's proposed sur-reply would be limited to argument and would not include any new evidence.

Respectfully submitted,

DATE: August 15, 2016

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By */s/Adrienne C. Publicover*
ADRIENNE C. PUBLICOVER
LAURA E. FANNON
Attorneys for Defendant
RELIANCE STANDARD LIFE INSURANCE COMPANY